**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| IN RE ) | Case No. 05-05466-TLM |
| ) | Chapter 7 |
| MOO BREW, INC., ) | |
| ) | |
| Debtor. ) | SUMMARY ORDER |
| _____ ) | RE: ABANDONMENT |
| ) | |
| IN RE: ) | Case No. 05-05471-TLM |
| ) | Chapter 7 |
| JOHN DAVID NOBLE, ) | |
| aka JACK NOBLE, & ) | Jointly Administered Under |
| TRACEY LEE NOBLE, ) | Case No. 05-05466-TLM |
| ) | |
| Debtors. ) | |
| _____ ) | |

On October 14, 2005, a voluntary chapter 7 petition was filed by Moo Brew, Inc., an Idaho corporation ("Moo Brew"). Brent Robinson represented Moo Brew. Richard Crawforth was appointed as the Trustee. According to Moo Brew's statement of financial affairs, John D. Noble was its President and Tracey L. Noble its Secretary/Treasurer, and each held 50% of the stock of Moo Brew.

On October 14, 2005, subsequent to Moo Brew's filing, John David ("Jack") Noble and his wife, Tracey Lee Noble (the "Nobles") filed a voluntary joint chapter 7 petition. Brent Robinson also represented them. Lois Murphy was appointed the Trustee in the Nobles' case.

SUMMARY ORDER RE: ABANDONMENT - 1

The two cases have been ordered jointly administered. They have not been substantively consolidated.

On March 13, 2006, Mr. Robinson, filed a "Notice of Abandonment of Property." *See* Doc. No. 68 (the "Notice"). The Notice recites that it is filed on behalf of "the Debtors" and carries both case captions, consistent with the order regarding joint administration. In the Notice, Debtors assert that:

> YOU ARE HEREBY *GIVEN NOTICE that the above-named debtors hereby abandon* the following described real property in Canyon County, Idaho, to-wit:
>
> A parcel of land being a portion of Tract D, Melba Original Townsite as filed for record in Book 4 of Plats, Page 23, records of Canyon County, Idaho, and lying in the Northwest Quarter of the Southwest Quarter, Section 36, Township 1 North, Range 2 West, Boise Meridian, Canyon County, Idaho, and being more particularly described as follows:
>
> Commencing at a found Brass Cap marking the South 1/16 corner common to Section 35 and said Section 36, Township 1 North, Range 2 West, Boise Meridian, Canyon County, Idaho;
> Thence South 89/58'00" East 661.88 feet along the South line of the said Northwest Quarter of the Southwest Quarter Section 36 and the centerline of Fourth Street to a found Brass Cap at the centerline intersection of said Fourth Street and Broadway Street and marking the Southwest 1/16 corner of said Section 36;
> Thence North 0/02'00" East 25.05 feet along said centerline of Broadway Street and the East line of said Northwest Quarter of the Southwest Quarter of Section 36 to a point;
> Thence North 89/58'00" West 20.06 feet to a found ½" iron pin on the westerly right of way of said Broadway

SUMMARY ORDER RE: ABANDONMENT - 2

> Street and marking the Southeast corner of said Tract D, Melba Original Townsite, said point also being the REAL POINT OF BEGINNING;
> Thence North 89∕58'00" West 233.00 feet along the northerly right of way of said Fourth Street to a set ½" iron pin;
> Thence North 0∕02'59" East 280.50 feet to a set iron pin;
> Thence South 89∕58'00" East 232.92 feet to a set ½" iron pin on the said westerly right of way of Broadway Street;
> Thence South 0∕02'00" West 280.50 feet along said westerly right of way to the POINT OF BEGINNING.

Doc. No. 68 at 1-2 (emphasis added).

The Notice asserted that the property was commonly known as the "Jack Smart" store, and was located at 112 Fourth Street, Melba, Idaho. It alleged further that this "property is being abandoned for the reason that said property is owned by the Noble Family Trust, and there is no equity in the property which will extend to the estate of the debtors herein based upon what is owed against the same."

The Notice was served on ECF participants and upon parties Michael Brown, Caroline Brown and Claude Brown. *See* Doc. No. 68 at 3. It does not appear that the Notice was served on the entire creditor body in the two jointly administered cases.

A creditor, Producers Supply Co-op, Inc. ("Producers"), filed an objection to the Notice. *See* Doc. No. 72. Producers withdrew that objection on June 9, 2006, asserting that it had "resolved its objection with the Debtor." *See* Doc. No.

SUMMARY ORDER RE: ABANDONMENT - 3

94. No other parties have objected to the Notice. Debtors tendered a proposed order to the Court. The Court will not execute that order.

Under § 554(a), a trustee may abandon property of the estate if it is burdensome or of inconsequential value. Under Fed. R. Bankr. P. 6007(a), the trustee must give notice to all creditors and parties in interest of the intent to do so and provide at least 15 days to object, thus complying with the "notice and hearing" requirement of § 554(a). Neither Trustee Crawforth nor Trustee Murphy has proposed the abandonment, and there has been no compliance with § 554(a).

Under § 554(b), a party in interest may request the court order the trustee to abandon property of the estate. Under Fed. R. Bankr. P. 6007(b), that process requires a motion. The motion is directed to the trustee, and is prosecuted under the rules generally applicable to motions. Only through the most liberal and generous of readings can the Notice filed here be construed as a motion directed to the Trustee(s) in compliance with § 554(b) and Rule 6007(b).[1]

Debtors have no right to simply provide "notice" to parties that they are abandoning property, as was attempted here. The Court need not stretch the Code and the Rules to accommodate that attempt, even if there is an absence of objection.

---

[1] The certificate of service executed by Debtors' counsel on the Notice, Doc. No. 68 at 3, indicates Trustee Crawforth was served. It does not allege Trustee Murphy was served. However, it appears likely that Trustee Murphy received ECF service even if the certificate of service does not so state. And it further appears from the certificate that her lawyer, Mr. Manwaring, was served.

SUMMARY ORDER RE: ABANDONMENT - 4

This appears especially true when the "Notice" fails to provide the sort of factual detail and legal clarity one expects from a Code and Rule-compliant motion. The Notice asserts that the real property in question is owned by the Noble Family Trust. That would imply that the real property is not property of the Nobles' or Moo Brew's estates at all. If it is not property of the estate, there obviously is no basis for even addressing a question of abandonment. If there is a dispute over the ownership of the real property by either the Nobles or Moo Brew and, thus, whether it is in fact property of one or the other estates, Fed. R. Bankr. P. 7001(2) would appear to require an adversary proceeding to establish ownership.

The Notice further alleges that "there is no equity in the [real] property which will extend to the estate of the debtors herein based upon what it owed against the same." This seems to indicate, perhaps, that by reason of the Nobles' interests in the Noble Family Trust, the Nobles' estate and their Trustee have an interest. But here the absence of a motion, with clear factual and legal allegations and assertions in support of the requested relief, becomes critical.

In short, the Court concludes the proposed order should not be entered. The Notice does not comply with the Code or the Rules, and the record in these cases does not support Debtors' request. This ruling is without prejudice to further

SUMMARY ORDER RE: ABANDONMENT - 5

proceedings in compliance with the requirements of the Bankruptcy Code and Rules.[2]

DATED: June 12, 2006

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[2] Whether such additional proceedings will be required is unclear. Creditors Brown filed a motion for stay relief, Doc. No. 60, alleging a secured interest in real property at 112 4th Avenue in Melba, Idaho and in personal property located thereon, alleging the business there conducted was known as "Jack Smart." The Browns indicated the secured transaction was entered into by the Nobles as "co-trustees" of the Noble Family Trust. Though the Nobles' Trustee Murphy initially objected to the motion, *see* Doc. Nos. 66, 71, she later stipulated to relief, *see* Doc. No. 77. An order terminating the stay on the Melba real property and related personalty was entered on April 14, 2006. *See* Doc. No. 78.

SUMMARY ORDER RE: ABANDONMENT - 6